# In the United States Court of Federal Claims

No. 20-241C
(Filed: April 27, 2020)
**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| JOHN MICHAEL HASKEW, | ) ) ) | |
| Plaintiff, | ) ) | *Pro Se* Plaintiff; Lack of Subject-Matter Jurisdiction; Rule 12(b)(1); Telecommunications Act; Tax Refund |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

**ORDER OF DISMISSAL**

On March 2, 2020, *pro se* plaintiff John Michael Haskew ("plaintiff" or "Mr. Haskew") filed a complaint alleging that the United States "broadcasted to America" that the plaintiff "stole $7 billon." Compl. at 1-2.[1] The plaintiff filed an amended complaint on March 25, 2020 adding an additional count. (Doc. No. 7).[2] In the amended complaint, the plaintiff first asserts that "Columbia broadcasted to America 47 U.S.C. 153(21)."[3]

---

[1] Attached to the plaintiff's first complaint was an "AP News Story" stating that John Haskew was found guilty of making false statements after he "needed to pay off a debt to the federal government," "provided a bank routing number that wasn't his," and "subsequently made over 70 transactions worth $7 billion with that routing number." *See* Compl. Ex. 1 (Doc. 1-1).

[2] On April 1, 2020, Mr. Haskew filed a second amended complaint (Doc. No. 13), which is a copy of his first amended complaint.

[3] 47 U.S.C. § 153(21) is a provision of the Telecommunications Act of 1996 which defines foreign communication as "communication or transmission from or to any place in the United States to or from a foreign country, or between a station in the United States and a mobile station located outside the United States."

Am. Compl. at 1-2. He asserts that he paid "Columbia" $7.8 billion, but "Columbia" told "America" that he stole this $7.8 billion. *Id.* Therefore, he seeks $7.8 billion from "Columbia." Second, the plaintiff asserts that he is entitled to a "refund of tax" under "26 U.S.C. 6402(a)."[4] Also on March 25, the plaintiff filed two motions. The plaintiff moved to disqualify the United States as the representative of the defendant because the defendant "did not transfer interest to United States of America." (Doc. No. 8). The plaintiff also moved to substitute himself, John Michael Haskew, for the "plaintiff." (Doc. No. 9).

On April 7, 2020, the United States ("the government"), filed a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and for failure to state a claim. Mot. to Dismiss ("MtD") at 1-2 (Doc. No. 11). First, the government argues that this court does not have jurisdiction because the plaintiff appears to bring a claim against "Columbia" and not the United States. *Id.* at 2. Second, the government argues that the plaintiff "has not provided any foundation" for the applicability of 47 U.S.C. § 153(21). *Id*. The government further argues that the plaintiff's "bare assertion of a tax refund claim" is insufficient. *Id.* at 3.

---

[4] 26 U.S.C. § 6402(a) provides: "In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall . . . refund any balance to such person."

The plaintiff filed a response on April 9, 2020. In his response, the plaintiff moves to strike the motion to dismiss under RCFC 11(a).[5] (Doc. No. 14). The plaintiff filed a supplemental response on April 14, 2020. (Doc. No. 17). The government filed its reply on April 23, 2020. (Doc. No. 18).

For the reasons that follow, the government's motion to dismiss is **GRANTED**.

**I.   LEGAL STANDARDS**

As a threshold matter, the plaintiff must establish jurisdiction by a preponderance of the evidence. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). *Pro se* plaintiffs are entitled to have their complaints liberally construed. *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018). However, the "leniency afforded to a *pro se* litigant . . . does not relieve the burden to meet jurisdictional requirements." *Bible v. United States*, 141 Fed. Cl. 718, 720-21 (2019) (internal quotation and citation omitted). The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is only a jurisdictional statute and does not create any substantive right enforceable against the United States for money damages. *N.Y. & Presbyterian Hosp. v. United States*, 881 F.3d 877, 881 (Fed. Cir.

---

[5] RCFC 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by or for the attorney of record in the attorney's name."

2018). To state a money-mandating claim, a "plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005); *see United States v. Testan*, 424 U.S. 392, 398 (1976). In addition, the Federal Circuit has made clear that this court has no jurisdiction over a "tax refund suit" where the plaintiff has failed to "comply with tax refund procedures set forth in the [Internal Revenue] Code" such as alleging that the plaintiff "has pre-paid the principal tax deficiency." *Sanders v. United States*, 2020 WL 1685563 at *1 (Fed. Cir. Apr. 7, 2020); *see Roberts v. United States*, 242 F.3d 1065, 1067 (Fed. Cir. 2001) (explaining that the Internal Revenue Code § 7422 imposes "jurisdictional prerequisites to filing a refund suit").

## II. DISCUSSION

The court finds that it lacks jurisdiction over the plaintiff's claims. First, to the extent that the plaintiff is seeking to bring claims against an entity other than the United States, this court does not have jurisdiction to hear the claim. It is well settled that "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *see Rick's Mushroom Serv. Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("the plaintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the *United States*") (emphasis added). The plaintiff's motion to disqualify the United States as the defendant's representative because the defendant, "Columbia" did not transfer its interest to the United States indicates that the plaintiff apparently agrees that he is bringing claims against an entity other than the

United States. Because this court does not have jurisdiction over plaintiff's claims regarding the actions of "Columbia," the government's motion to dismiss plaintiff's claims seeking relief from "Columbia" is granted.

Second, to the extent that the plaintiff's complaint can be construed as asserting a claim against the United States under the Telecommunications Act of 1996, the complaint must be dismissed. The government has moved to dismiss this claim because the plaintiff has not identified any provision of the Telecommunications Act that would give plaintiff "a substantive right enforceable against the Government for money damages." Def.'s MtD at 2. Because the plaintiff has failed to identify a "source of substantive law that creates the right to money damages," the claim must be dismissed for lack of subject matter jurisdiction. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (internal quotation and citation omitted).

Further, the court does not have jurisdiction over the plaintiff's tax refund claim.[6] As discussed above, to have jurisdiction over a "tax refund suit," the plaintiff must "comply with the tax refund procedures" in the Internal Revenue Code. *Sanders*, 2020 WL 1685563 at *1; *Roberts*, 242 F.3d at 1067. The plaintiff's amended complaint fails to allege any facts to show that the plaintiff complied with the Internal Revenue Code

---

[6] Although the government argues in its motion to dismiss that the plaintiff's tax refund claim should be dismissed for failure to state a claim, it is clear for the reasons described above that jurisdiction is lacking in these circumstances. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (the court has Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). Therefore, the court does not address the government's argument that the plaintiff failed to state a tax refund claim.

including any allegation that the plaintiff "has pre-paid the principal tax deficiency – the first prerequisite to tax-refund jurisdiction." *See id.*[7]

Finally, plaintiff's motion to strike the government's motion under RCFC 11(a), is denied. The argument is without merit because, consistent with RCFC 11(a), the government included the required signatures on the fourth page of government's motion. *See* Def.'s MtD at 4.

For all of these reasons, the government's motion to dismiss for lack of jurisdiction is granted.[8]

## CONCLUSION

The plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is **GRANTED** for the limited purposes of this order. Because this court does not have subject matter jurisdiction over any of the claims in Mr. Haskew's complaint, the government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED without prejudice.** The plaintiff's motions to disqualify the United States as defendant (Doc. No. 8) and Motion

---

[7] In plaintiff's motion to proceed *in forma pauperis*, the plaintiff indicates that there is an "IRS tax lien" for $120,000. (Doc. No. 2 at 2). Even liberally construing plaintiff's tax refund claim to include a claim arising from his tax lien, the court is still without jurisdiction over the plaintiff's claim. The Federal Circuit has held that this court is without jurisdiction to entertain a claim for damages flowing from the allegedly unlawful collection activities of the Internal Revenue Service. *Ledford v. United States*, 297 F.3d. 1378, 1382 (Fed. Cir. 2002); *see also Zolman v. United States*, 2018 WL 1664690 at *2 (Fed. Cl. Apr. 6, 2018) (finding that this court does not have jurisdiction over a challenge to the imposition of tax liens).

[8] In a supplement to the plaintiff's response to the government's motion to dismiss, the plaintiff states that he is incompetent and cites RCFC 17(c)(2). (Doc. No. 17). RCFC 17(c)(2) states that the court must issue an appropriate order to protect an unrepresented incompetent person. Here, the court finds that it has no jurisdiction to consider the claims brought by the plaintiff, and, as stated above, the dismissal is without prejudice. Therefore, the court has no occasion to issue an additional order under RCFC 17(c)(2).

to Transfer Interest and Substitute Plaintiff (Doc. No. 9) are **DENIED AS MOOT**.  The plaintiff's motion to strike, contained in his response to the government's motion to dismiss (Doc. No. 14), is **DENIED**.

The Clerk of Court is directed to dismiss without prejudice the plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims and enter judgment accordingly. Each party shall bear its own costs.

**IT IS SO ORDERED.**

s/Nancy B. Firestone  
NANCY B. FIRESTONE  
Senior Judge