# In the United States Court of Federal Claims

No. 20-241C
(Filed: August 4, 2020)

|  |  |  |
|---|---|---|
| JOHN MICHAEL HASKEW, | ) ) ) | *Pro Se*; RCFC 59; RCFC 60(b)(6) |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| THE UNITED STATES, | ) ) |  |
| Defendant. | ) ) ) |  |

**ORDER DENYING MOTION FOR RELIEF**

On March 2, 2020, *pro se* plaintiff John Michael Haskew filed a complaint alleging that the United States "broadcasted to America" that he "stole $7 billon." Compl. at 1-2, ECF No. 1.  Attached to the complaint was an "AP News" story, dated February 3, 2017, stating that Mr. Haskew pleaded guilty to making a false statement to the federal government after he "needed to pay off a debt to the federal government," "provided a bank routing number that wasn't his" to do so, and "subsequently made over 70 transactions worth $7 billion with that routing number." Compl. Ex. 1, ECF. No. 1-1.

Mr. Haskew then filed an amended complaint[1] on March 25, 2020 asserting two claims.  Am. Compl. at 1-2, ECF No. 7.  First, Mr. Haskew claimed that either the United

---

[1] On April 1, 2020, Mr. Haskew filed a second amended complaint, ECF No. 13, which is a copy of his first amended complaint.

States or "Columbia" violated the Telecommunications Act of 1996[2] when "Columbia" improperly "broadcasted to America" that Mr. Haskew stole $7.8 billion. *Id.* Second, and as most relevant to this order, Mr. Haskew claimed that he was entitled to a "refund of tax. 26 U.S.C. 6402(a)."[3] Am. Compl. at 1. No additional explanation of this tax claim was included in or attached to the amended complaint.

On April 7, 2020, the United States ("the government"), filed a motion to dismiss the amended complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Mot. to Dismiss at 1-2, ECF No. 11. On April 27, 2020, the court granted the government's motion, holding that the court did not have jurisdiction over Mr. Haskew's claim against "Columbia" or any claim under the Telecommunications Act against the United States. Order of Dismissal at 4-5, ECF No. 19. As relevant here, the court also dismissed Mr. Haskew's tax refund suit because Mr. Haskew failed to allege any facts to show that he complied with the tax refund procedures of the Internal Revenue Code, a prerequisite to filing a refund claim in this court. *Id.* at 5-6. Judgment dismissing the case was entered that same day. Judgment, ECF No. 20.

---

[2] Mr. Haskew cited 47 U.S.C. § 153(21), a provision of the Telecommunications Act of 1996 that defines foreign communication as "communication or transmission from or to any place in the United States to or from a foreign country, or between a station in the United States and a mobile station located outside the United States."

[3] 26 U.S.C. § 6402(a) provides: "In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall . . . refund any balance to such person."

On June 12, 2020, Mr. Haskew filed a "Motion for Relief" from the court's dismissal order, citing RCFC 60(b)(6).  Mot. for Relief at 1, ECF No. 22.  The motion attaches a December 26, 2016 CP49 Notice addressed to Mr. Haskew from the Internal Revenue Service.  *See* Mot. for Relief, Ex. 1, ECF No. 22-1.  A CP49 Notice is issued to notify a taxpayer that overpayment on an individual return was applied to a prior year's unpaid liability.  *See* Def.'s Supp. Resp. at 7, ECF No. 27.  The CP49 Notice attached to Mr. Haskew's motion states that Mr. Haskew should receive a refund check from the Internal Revenue Service "as long as you don't owe other tax or debt we're required to collect."  Mot. for Relief, Ex. 1.  Mr. Haskew's one-sentence motion for relief argues that the "CP49 [Notice] is the claim and jurisdiction."  Mot. for Relief at 1.

The government opposes Mr. Haskew's motion for relief on five grounds.  First, the government argues that Mr. Haskew's motion is properly construed as a motion for reconsideration under RCFC 59 and is untimely.  Def.'s Supp. Resp. at 3.  Second, the government argues that the CP49 Notice is not new evidence properly reviewed on reconsideration under RCFC 59.  Def.'s Supp. Resp. at 3-4.  Third, the government contends that Mr. Haskew has failed to meet RCFC 9(m)'s special pleading requirements for tax refund suits and for this additional reason his tax refund claim may be dismissed.  Def.'s Supp. Resp. at 4.  Fourth, the government asserts that even if Mr. Haskew's motion was correctly characterized as a motion for relief from judgment under RCFC 60(b)(6), Mr. Haskew has not shown he is entitled to the "extraordinary" relief contemplated by that rule.  Def.'s Supp. Resp. at 4-5.  Finally, granting the motion for

3

relief would be futile, the government argues, because the CP49 Notice is not a basis for a tax refund claim in this court. *Id.* at 5-10.

Mr. Haskew did not file a reply.

Under RCFC 59, a party may file a motion for reconsideration on some or all issues, including a motion for reconsideration to alter or amend the court's judgment. The court, "in its discretion, may grant a motion for reconsideration under [RCFC 59] when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quotation omitted). However, RCFC 59 motions may only be granted in "extraordinary circumstances," *id.*, and "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment," *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation omitted); *Lee v. United States*, 130 Fed. Cl. 243, 252 (2017) (holding that the court will not grant a motion for reconsideration based on "new arguments that could have been made earlier"), *aff'd*, 895 F.3d 1363 (Fed. Cir. 2018). In addition, RCFC 59 motions must be filed 28 days after the entry of judgment, which in this case is May 26, 2020. *See* RCFC 59(b)(1); RCFC 59(e).

Under RCFC 60(b), the court may "relieve a party . . . from a final judgment, order, or proceeding" based on six grounds, for example, "newly discovered evidence," or "mistake, inadvertence, surprise, or excusable neglect." Mr. Haskew invokes the "catch all" provision of RCFC 60(b)(6), which states that this court "may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies

relief." This provision is only available in "extraordinary circumstances," *Progressive Indus., Inc. v. United States*, 888 F.3d 1248, 1255 (Fed. Cir. 2018), where "a person can demonstrate that he was not at fault for his predicament," *Mendez v. United States*, 600 F. App'x 731, 733 (Fed. Cir. 2015). RCFC 60(b)(6) motions must be brought "within a reasonable time."

Applying either of these standards, Mr. Haskew's motion for relief must be denied. If characterized as a motion under RCFC 59, Mr. Haskew's motion is untimely. The motion was sent to the court on June 11, 2020, which is more than 28 days after the entry of judgment on April 27, 2020. *See* RCFC 59(b); RCFC 59(e). The court may not extend this 28-day deadline for any reason. *See* RCFC 6(b)(2).[4] Moreover, the CP49 Notice upon which Mr. Haskew bases his tax refund "claim and jurisdiction" is dated December 26, 2016. Mot. for Relief at 1; *id.* Ex. 1. This notice was known to Mr. Haskew at the time he filed his amended complaint in this case over three years later. Any arguments Mr. Haskew could have made based on the CP49 Notice "could have been raised prior to the entry of judgment" in the case, and therefore do not provide grounds for reconsideration under RCFC 59. *Exxon Shipping Co.*, 554 U.S. at 485 n.5 (quotation omitted).

Mr. Haskew likewise has not demonstrated that "extraordinary circumstances" warrant relief under RCFC 60(b)(6). *Progressive Indus.*, 888 F.3d at 1255. Again, any arguments Mr. Haskew could have made based on the CP49 Notice could have been

---

[4] RCFC 6(b)(2) provides that the "court must not extend the time to act under RCFC 52(b), 59(b), (d), and (e), and 60(b)."

raised before the entry of judgment in this case. Thus, even assuming the CP49 Notice could serve as a basis for Mr. Haskew's tax refund claim (which is doubtful[5]), Mr. Haskew's delay in raising the CP49 Notice and any related arguments renders him "at fault for his predicament." *Mendez*, 600 F. App'x at 733. Mr. Haskew therefore fails to show he is entitled to relief under RCFC 60(b)(6). *See id.*

For these reasons, Mr. Haskew's motion for relief from the court's dismissal order, ECF No. 22, is **DENIED.**

**IT IS SO ORDERED.**

                                            s/Nancy B. Firestone
                                            NANCY B. FIRESTONE
                                            Senior Judge

---

[5] As the government contends, the CP49 Notice cannot serve as a basis for Mr. Haskew's tax refund claim. A valid administrative refund claim must be filed with the Internal Revenue Service before a tax refund suit can be maintained in this court. *See, e.g.*, *Meissner v. United States*, 136 Fed. Cl. 763, 771-72 (2018). The CP49 Notice does not serve as a valid administrative refund claim because it is not on the appropriate form and does not contain a written declaration that is made under penalties of perjury. *See* Def.'s Supp. Resp. at 5-7. In addition, the CP49 Notice does not support a claim based on an "account stated" theory because it contains qualifying language and, as such, does not contain the required express commitment to pay by the Internal Revenue Service. *See id.* at 7-10.